IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF PRICE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| v. | ) | |
| | ) | Case No. 21-CV-2356 |
| KOHN LAW FIRM, S.C. | ) | |
| | ) | |
| | ) | |
| DEFENDANT(s). | ) | Plaintiff Demands Trial by Jury |

### COMPLAINT *at* LAW

Plaintiff, JEFF PRICE, by and through his attorneys, Robert J. Tomei Jr. and JOHNSTON TOMEI LENCZYCKI & GOLDBERG, LLC, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA), for a finding that Defendant KOHN LAW FIRM, S.C.'s debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, states and alleges as follows:

### JURISDICTION *and* VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 as Plaintiffs' claims arise under FDCPA, 15 U.S.C. § 1692k(d).

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here, b) Defendant transacts substantial business in this District; and c) Defendant maintains a registered agent here.

### STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Plaintiff suffered a personal, concrete, and particularized injury, as outlined in more detail below, for Defendant Kohn Law Firm's communication to Plaintiff in connection

with an attempt to collect an alleged debt when it knew he was represented by counsel with respect to the alleged debt which caused the Plaintiff loss of time, aggravation, annoyance, inconvenience, and emotional distress.

5. Plaintiff had a right not to be contacted directly after the Defendant knew he was represented by counsel. Thus, he suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

6. Even if the right not to be contacted once the collector knows the debtor is represented by counsel is a mere procedural right, its breach causes concrete harm on consumers, including the Plaintiff in this matter. A contact in violation of this Section 1692c(a)2 of the FDCPA not only breaches the represented consumer's right to be free of debt collector contacts, but also harms the consumer by interfering with the attorney-client relationship and undermines the consumer attorney's authority s the consumer's representative. *See Erickson v. Elliot Bay Adjustment Co.*, 2017 WL 1179435, at * 4 (W.D. Wash. Mar. 29, 2017).

7. The contact of a represented debtor by a debt collector also creates a substantial risk of harm, in that it "can result in the inadvertent and uncounseled disclosure of information, the debtor's detriment." *See Williams v. Rushmore Loan Mgmt. Services, LLC*, 2018 WL 1582515, at *6 (D. Conn. Mar. 31, 2018); *see also Capel v. Specialized Loan Servicing, Inc.*,

2017 WL 1739919, at *3 (N.D. Ill. May 4, 2017) (noting that sending collection letter to represented debtor an confuse the debtor and can require debtor to spend time and effort deciphering it, deciding how to respond, and contacting his attorney); *see also Mogg v. Jacobs*, 2016 WL 4395899 (S.D. Ill. Aug. 18, 2016)(finding standing where one of the claims was the collector contacted represented debtor).

## PARTIES

8. Plaintiff, Jeff Price ("Plaintiff'), is a resident and citizen of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed to Midland Credit Management, Inc.

9. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

10. Defendant, Kohn Law Firm S.C., (hereinafter "Kohn" or "Defendant") is a Wisconsin Service Corporation with its principal place of business at 735 N Water St., Suite 1300, Milwaukee, WI 53202-4106. Its registered agent is Robert E. Potrzebowski, Jr. who can be found at 735 N Water Street, #1300, Milwaukee, WI 53202.

11. Kohn is a law firm that is engaged in the business of the collection of debt within the State of Illinois, using the mail system in business, telephone, and court system to collect consumer debts originally owed to others.

12. Thus, Kohn acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

13. Moreover, Kohn also acts as a debt collector as defined by § 1692a(6) of the

FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Upon information and belief, Defendant was hired by Midland Credit Management, Inc. to collect consumer debt from the Plaintiff.

15. At all relevant times hereto, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Plaintiff allegedly incurred a debt for personal, family, or household purposes and not for business purposes, originally to Synchrony Bank ("alleged debt").

17. The alleged debt is thus a "debt" as that term is defined by §1692a(5) of the FDCPA.

18. Defendant claims that Plaintiff did not pay the alleged debt and it went into default.

19. Synchrony Bank later assigned the debt to "Midland Credit Management, Inc." (hereinafter "MCM").

20. MCM later retained Defendant Kohn Law Firm to collect the alleged debt from the Plaintiff.

21. On or about December 15, 2020, Defendant filed suit on behalf of MCM and against the Plaintiff in the Nineteenth Judicial Circuit Court of Lake County, Illinois captioned as Midland Credit Management, Inc. vs. Jeff Price, Case No.: 20SC4212 ("Small Claims Matter").

22. On or about January 19, 2021, Defendant entered his Appearance and Jury Demand in the Small Claims Matter through Attorney Robert J. Tomei Jr. and JOHNSTON

TOMEI LENCZYCKI & GOLDBERG, LLC. *See* Attached, **Exhibit A**, Jan. 19, 2021 Appearance, Jury Demand & Notice of Filing.

23. On the same day, January 19, 2021, a copy of counsel's Appearance, Jury Demand, and Notice of Filing was served via electronic mail, pursuant to Illinois Supreme Court Rule 11(c). *See* Attached **Exhibit B**, Jan. 19, 2021 Service Email.

24. Thereafter, on or about January 29, 2021, the parties, through counsel appeared at the original Return Date to advise the court of the status of service.

25. Pursuant to Local Rule, by the filing of the Jury Demand, the Small Claims Matter was subject to a civil re-assignment order to the Mandatory Arbitration Division and accordingly, was to be scheduled for status before the re-assigned Judge for purposes of entering a case management order. According to the Lake County Clerk of the Circuit Court Public Access System, due to an unknown docketing error, the Small Claims Matter was Dismissed for Want of Prosecution. *See* Attached, **Exhibit C**, February 10, 2021 Public Access Screen Shot.

26. On or about February 8, 2021, Defendant Kohn Law submitted a Letter to counsel for Mr. Price in connection with the Small Claims Matter indicating that Mr. Price's dispute was unfounded. *See* Attached, **Exhibit D**, February 8, 2021 Kohn Letter to JTLG.

27. Thereafter, on February 10, 2021, in the absence of counsel for Mr. Price, the Defendant Kohn Law prepared and had entered an Order scheduling the matter for "status/arb setting" on March 10, 2021 at 1:30 p.m. in Room C-304 which provided expressly that "Plaintiff to notify Defendant." *See* Attached, **Exhibit E**, February 10, 2021 Order.

28. The Order, as is customary in the Nineteenth Judicial Circuit Court, was prepared, at the direction of the Court by Counsel for MCM, Defendant in this matter, Kohn Law Firm. *See* **Exh. E**.

29. That thereafter, instead of submitting a copy of the February 10, 2021 to counsel for Mr. Price in the Small Claims Matter, on February 11, 2021, Defendant Kohn Law Firm mailed a copy of the February 10, 2021 Order to Mr. Price directly. *See* Attached, **Exhibit F**, February 11, 2021 Letter.

30. The February 11, 2021 Letter contained a file number, case caption, case number, the name of the alleged creditor, and a statement that the letter was an attempt to collect a debt.

31. Kohn Law did not have any express authorization from counsel of Mr. Price to contact Mr. Price directly, no local court rule expressly authorized Kohn Law to contact Mr. Price directly, nor would Kohn Law have had a court order ostensibly granting the permission but for its careless preparation of the status order in the first place by disregarding Mr. Price's counsel's duly filed and served attorney appearance in that matter.

32. Thus, the Letter was a communication as that term is defined at 15 U.S.C. § 1692a(2) of the FDCPA.

33. 15 U.S.C. § 1692c(a) of the FDCPA, provides, in pertinent part, as follows:

> **(a)** **Communication with the Consumer Generally.**
>
> **Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . .**
>
> **(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer**

34. With limited exceptions, Section 1692c(a)(2) prohibits a collector from communicating with a consumer who is represented by an attorney. It recognizes that the

consumer's right to retain and be represented by counsel, protects consumers' relationship with their attorneys, and protects the attorney's authority to effectively represent the consumer.

35. The FDCPA's prohibition on contact with a consumer when the consumer is represented by counsel creates a privacy interest for the consumer. Consumers represented by counsel have a right to have the collection communications directed through counsel, and violation of that invades their privacy interest and right to be left alone from obtrusive collection communications. Congress' passage of Section 1692c(a)(2) was intended to expressly state this right, derived from the common law's prohibition on invasion of privacy as well as the common understanding of an attorney being an agent and representative of their client.

36. Defendant Kohn Law violated § 1692c(a)(2) when it contacted Plaintiff directly in connection with an attempt to collect a debt, even though it knew that he was represented by counsel, as it had previously been served electronic notification of counsel's appearance and had sent correspondence directly to counsel for Mr. Price.

37. Mr. Price was alarmed and disturbed when he received the February 11, 2021 Letter from Kohn Law, because he thought he had retained legal counsel to handle the Small Claims Matter and was concerned he was being summoned into court again or that some other kind of legal or technical default may have occurred. As a result, Mr. Price suffered from restlessness, irritability, depression, which negatively impacted not only his job, but his personal relationship with his wife who was nine (9) months pregnant at the time the letter was received. Additionally, Mr. Price Mr. Price felt that is privacy was invaded because he was contacted directly, instead of through his attorney.

38. Plaintiff had been assured by his attorney that his debt collectors, including Kohn Law, would cease communicating with him directly once they were notified that he had retained

counsel, and Plaintiff was hopeful that he would be able to avoid the frequent and persisting collection letters from debt collectors once notification of representation was transmitted.

39. Plaintiff suffered loss of time, annoyance, aggravation, stress, inconvenience, and emotional distress, due to Defendant's communication in connection with an attempt to collect a deb when it knew he was represented by counsel and after it had received notification of attorney representation from Plaintiff's counsel.

40. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, LTD.*, Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiffs re-allege above paragraphs as if set forth fully in this count.

42. In its attempts to collect the debt allegedly owed by the Plaintiffs, Defendant violated the FDCPA, 15 U.S.C. § 1692 in one or more of the following ways:

   a. Communicating directly with a consumer in connection with an attempt to collect a debt when it knew or should have known the consumer was represented by counsel, in violation of 15 U.S.C. § 1692c(a)(2).

   b. Used unfair or unconscionable means to collect or attempt to collect a debt, including, but not limited to attempting to collect an alleged debt when Defendant had no legal right to collect in violation of 15 U.S.C. §§1692f and 1692f(1).

   c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

43. These are material violations of the FDCPA because they did in fact cause direct financial harm, these violations would lead a consumer to believe that he or she could be subjected to further collection efforts outside of his or her attorney's purview, or that he or she did not have the rights that Congress gave them under the FDCPA. In fact, Defendant's

communications and collection efforts with Plaintiff confused and alarmed Plaintiff causing him a tremendous amount of emotional distress.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

> A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
> B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);
> C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

and;

> D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: ___/s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

Robert J. Tomei Jr.
IL Bar #.: 6310339
JOHNSTON TOMEI
LENCZYCKI & GOLDBERG, LLC
350 N Milwaukee Ave. Ste. 202
Libertyville, IL 60048
Ph: (847) 549-0600
Fx: (847) 589-2263
Rob@LawJTLG.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

## **NOTICE OF LIEN AND ASSIGNMENT**

    Please be advised that we claim a lien upon any recovery herein for 40% or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By:   s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys
